IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| ELLA ROOK | * |
| | * |
| Plaintiff | * |
| | * |
| V. | * |
| | *   NO: 4:14CV00235 SWW |
| PAUL DORSETT and 5J OILFIELD | * |
| SERVICES LLC | * |
| | * |
| Defendants | * |
| | * |
| | * |
| | * |

## **ORDER**

Plaintiff filed this personal injury action in state court, and Defendants removed the case to federal court based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000.  Now before the Court is Plaintiff's motion to strike affirmative defenses or, alternatively, for a more definite statement (ECF No. 6).  After careful consideration, and for reasons that follow, the motion is denied.

In support of her motion to strike, Plaintiff asserts that Defendants lack grounds for asserting affirmative defenses set forth in the answer and that the pleading is void of factual allegations related to the affirmative defenses.  Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   However, striking a pleading is an extreme measure, and motions to strike are viewed with disfavor and infrequently granted.  *Stanbury Law Firm v. Internal Revenue Service,* 221 F.3d 1059, 1063 (8th Cir. 2000).  If, as Plaintiff contends, there is no support for asserted defenses, it is unlikely that Defendants will pursue them.

Furthermore, the Court declines to determine the relevance or sufficiency of asserted defenses without the benefit of a more thorough record.   The motion to strike is denied.

The alternative relief requested is also denied.  Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Here, the answer is not a pleading[1] to which a responsive pleading is allowed, thus Plaintiff is not entitled to relief under Rule 12(e).

IT IS THEREFORE ORDERED that Plaintiff's motion to strike or for a more definite statement (ECF No. 6) is DENIED.

IT IS SO ORDERED THIS 9TH  DAY OF JULY, 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] The term "pleading" must be read in connection with Rule 7(a), which enumerates the pleadings permitted under the federal rules as follows: a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third-party answer, and pursuant to a court order, a reply to an answer or a third party answer.